Clarence J. WILSON, Plaintiff–Appellant,

v.

JOHNS–MANVILLE SALES CORP., et al., Defendants,

Armstrong World Industries, Inc., et al., Defendants–Appellees.

No. 88–2798.

United States Court of Appeals, Fifth Circuit.

May 30, 1989.

Rehearing Denied July 11, 1989.

19. *Id.* at 655 (citations omitted).

Robert E. Ballard, Grant Kaiser, Abraham, Watkins, Nichols, Ballard, Onstad & Friend, Lawrence Madeksho, Houston, Tex., for plaitiff-appellant.

Raymond Lyn Stevens, Robert S. Daggett, San Francisco, Cal., Weller, Wheelus & Green, Beaumont, Tex., for Fibreboard Corp.

George T. Shipley, Richard L. Josephson, C. Edward Fowler, Bailey & Williams, Dallas, Tex., Fullbright & Jaworski, Houston, Tex., for Owens–Corning.

Jeffrey B. McClure, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for Raybestos–Manhattan.

John H. Boswell, Hallmark & Boswell, Houston, Tex., for Armstrong World Industries.

George Shipley, Baker & Botts, Houston, Tex., for Owens–Illinois, Inc.

Elizabeth M. Thompson, Butler & Binion, Houston, Tex., for Raymark Industries, Inc. and Celotex.

Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.

PER CURIAM:

This appeal involves a consolidated products liability action brought by fifty plaintiffs against nine defendants. More than two years after a judgment was entered in favor of six of the defendants, and following an affirmance of that judgment by this court, plaintiffs filed a motion under Fed.R. Civ.P. 60(b) to set aside the judgment. The district court denied the motion as time-barred. We affirm.

## I.

Fifty plaintiffs brought a products liability action against nine manufacturers of products containing asbestos. The district court ordered separate trials on the issues of liability and damages. During the jury trial on general liability, the defendants made a "state of the art" defense based on *Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076 (5th Cir.1973), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed. 2d 107 (1978), arguing that they did not know of the dangers of asbestos prior to the 1960's. The jury returned a take-nothing verdict against six of the defendants: Armstrong World Industries, Inc., Eagle–Picher Industries, Inc., Fibreboard Corp., Owens–Corning Fiberglass Corp., Owens–Illinois, Inc., and Standard Insulations, Inc. The jury found that the remaining three defendants (Celotex Corporation, Pittsburg Corning Corp., and Raymark Industries, Inc.) were potentially liable for product exposure only after August 1, 1966.

The district court retained jurisdiction as to the three remaining defendants to conduct further proceedings regarding individ-

ual damages. As to the six defendants exonerated from liability, the district court found that there was no just reason for delay and on August 27, 1985 directed the entry of final judgment as to those six defendants. This court affirmed the final judgment as to the six defendants in *Wilson v. Johns–Manville Sales Corp.*, 810 F.2d 1358 (5th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

More than two years after the district court entered judgment, the plaintiffs requested this court to set aside the prior judgment under Fed.R.Civ.P. 60(b) on grounds of fraud committed by the defendants. We transferred the motion to the district court, which denied the motion as barred by the one-year time limit incorporated in Rule 60(b)(3). The district court subsequently entered an order pursuant to Fed.R.Civ.P. 54(b) certifying that the denial of the Rule 60(b) motion was a final judgment. The plaintiffs appeal from the district court's denial of the Rule 60(b) motion.

## II.

Rule 60(b) provides a court may relieve a party from a *final* judgment, order, or proceeding. It does not afford relief from interim or interlocutory judgments.

> The addition of the word "final" emphasizes the character of the judgment, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed.R.Civ.P. 60(b) advisory committee's note.

The August 27, 1985 judgment to which the Rule 60(b) motion is addressed was final only as to six defendants. No judgment of any sort was entered with respect to the remaining three defendants. One of these three defendants, Raymark Industries, Inc., has advised this court that it is in bankruptcy proceedings. The jury verdict finding them potentially liable has not been completed by proceedings to set the amount of any damages. Accordingly, the plaintiffs' Rule 60(b) motion and the district court's denial of the motion must relate only to the final judgment with respect to the six defendants who were found not liable to plaintiffs. Although language does appear in plaintiffs' motion and in the district court's opinion and certificate with respect to the three remaining defendants, such language is beyond the scope of Rule 60(b). We treat it as surplusage. Our adjudication in the present appeal does not affect any of the three defendants as to which no final judgment was entered.

■ A district court's denial of a Rule 60(b) motion will be reversed only for abuse of discretion. *Schauss v. Metals Depository Corp.*, 757 F.2d 649 (5th Cir.1985). We find no abuse of discretion here.

In their Rule 60(b) motion, plaintiffs alleged that they were entitled to relief from the August 27, 1985 judgment because the defendants fraudulently concealed and misrepresented the fact that they knew of the hazards of asbestos as far back as the 1930's. The district court properly noted that the plaintiffs' motion must come under the auspices of either Fed.R.Civ.P. 60(b)(3) or 60(b)(6). Fed.R.Civ.P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to ... set aside a judgment for fraud upon the court.

Under Rule 60(b)(3), plaintiffs' motion is subject to the one-year time limit incorporated in the rule. The time runs from the date the district court entered final judg-

ment. *Gulf Coast Building & Supply Co. v. Int'l. Bhd. of Electrical Workers, Local 480, AFL–CIO,* 460 F.2d 105, 108 (5th Cir. 1972). The district court entered a final judgment as to six defendants on August 27, 1985, and the Rule 60(b) motion was not brought until more than two years later. The district court correctly concluded that the motion is time barred under Rule 60(b)(3).

The plaintiffs attempt to bring their motion under the residual clause of 60(b)(6). Plaintiffs cite *Liljeberg v. Health Services Acquisition Corp.,* —— U.S. ——, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) for the proposition that a Rule 60(b)(6) motion is timely if made "within a reasonable time." *Id.* 108 S.Ct. at 2204. However, the Supreme Court's complete statement reads that a Rule 60(b)(6) motion may be granted "provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Id.* We have held that "Relief under subsection (6) is not available to a movant where ... the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule." *Kerwit Medical Products, Inc. v. N & H Instruments, Inc.,* 616 F.2d 833, 836 n. 8 (5th Cir.1980). *See also, William Skillings & Associates v. Cunard Transp. Ltd.,* 594 F.2d 1078 (5th Cir.1979). The district court correctly found that the plaintiffs' motion came within the coverage of Rule 60(b)(3), and thus relief under Rule 60(b)(6) is unavailable to plaintiffs.

Plaintiffs attempt to characterize the defendants' conduct as an "attack upon the judicial machinery" amounting to a fraud on the court. "Fraud upon the court" is grounds for relief under the savings clause of Rule 60(b) and is distinguishable from the "fraud ... misrepresentation, or other misconduct" under subsection (b)(3). *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir.1978). However, 60(b) relief based on "fraud upon the court" is reserved for only the most egregious misconduct, and requires a showing of "an unconscionable plan or scheme which is designed to improperly influence the court in its deci-

sion." *Id.* at 1338 (quoting *England v. Doyle,* 281 F.2d 304, 309 (9th Cir.1960)). The narrow concept should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kerwit Medical Products,* 616 F.2d at 837 (quoting 7 Moore, Federal Practice ¶ 60.33 at 511 (1971 ed.)). Less egregious misconduct comes within the scope of Rule 60(b)(3). *Id.; Rozier v. Ford Motor Co.,* 573 F.2d at 1332.

The district court construed the plaintiffs' allegations as follows:

In short, movants object to the defendants' "state of the art" defense because of the existence of various studies and reports allegedly reporting the dangers of asbestos as far back as the 1930's and because of the contrary position taken by some defendants in other lawsuits that the dangers of asbestos were known prior to the mid–1960s.

Plaintiffs did not object to this construction in the district court, but instead immediately filed their notice of appeal.

Such allegations do not rise to the level of "fraud on the court" necessary to obtain relief under the savings clause of Rule 60(b). "[T]he mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." *Kerwit Medical Products,* 616 F.2d at 837. The district court correctly found that plaintiffs' motion came under Rule 60(b)(3). As such, the plaintiffs' motion is time barred.

■ Plaintiffs also assert that the district court should have held a hearing regarding the Rule 60(b) motion. However, a decision to hear oral testimony on motions is within the sound discretion of the district court. *Gary W. v. Louisiana,* 601 F.2d 240, 244 (5th Cir.1979). Here the district court liberally allowed the plaintiffs to supplement their Rule 60(b) motion to the ex-

tent that the plaintiffs' total pleadings before the court consisted of the following: the original application with appendix and 34 exhibits, a reply of plaintiffs with 51 exhibits, and a supplemental reply with 41 exhibits. Considering the extensive pleadings and the failure of the plaintiffs to adequately indicate how a hearing would have aided the court's determination, we find that the district court did not abuse its discretion in not holding a hearing. *See Scutieri v. Paige,* 808 F.2d 785, 795 (11th Cir.1987).

### III.

The district court did not abuse its discretion in denying the plaintiffs' Rule 60(b) motion. We pretermit any ruling on the effect, if any, this decision may have on future proceedings involving the three remaining defendants. The judgment of the district court is

AFFIRMED.