UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30442
SUMMARY CALENDAR
_____

STUART H. SMITH, JR.,

Plaintiff - Appellant,

v.

WATERMAN STEAMSHIP CORPORATION,

Defendant -Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

(00-CV-1878-B)
_____

January 3, 2002

Before REYNALDO G. GARZA, SMITH and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal, we review a district court's denial of a motion to set aside a judgment for

fraud upon the court under Rule 60(b) of the Federal Rules of Civil Procedure.  For the following

reasons, we affirm the decision of the district court.

I

    On October 3, 1992, Appellant Stuart H. Smith, Jr., was serving as third mate aboard the

_____

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

*S/S Stonewall Jackson*, an oceangoing cargo vessel owned and operated by Appellee Waterman Steamship Corporation ("Waterman") and berthed in the Port of New Orleans. On that day, the vessel was attempting an undocking maneuver, during which Smith was assigned to the vessel's stern and was instructed to estimate and report to the bridge the distance from the vessel to the wharf. During the maneuver, the *Stonewall Jackson* made contact with the dock, and the allision caused damage to both vessel and dock.

Waterman reported the incident to the Coast Guard, which conducted an investigation. Waterman also submitted to the Coast Guard a Form CG-2692 that briefly described the incident. The Form CG-2692 indicated that all equipment aboard the vessel was in good working order at the time of the accident, but the parties debate whether the astern servo valve was working properly at the time of the accident.[2] After its investigation, the Coast Guard concluded that Smith failed to relay correct distance information to the bridge and that this failure was the primary cause of the allision. On October 4, 1992, Waterman terminated Smith's employment.

On July 16, 1993, Smith sued Waterman for wrongful discharge in the Eastern District of Louisiana. The district court concluded that Smith was employed at will and could be discharged with or without cause. The court further concluded that Smith was not wrongfully discharged and granted Waterman's motion for summary judgment. *Smith v. Waterman Steamship Corporation, et al.*, No. CA-93-3207-I (E.D. La. Jan. 5, 1994). The Form CG-2692 was never submitted to the court, and the court never relied upon it.

Smith then appealed to this Court. For the purposes of his appeal, we assumed *arguendo* that Smith could only be discharged for just cause but also concluded that no genuine of material

---

[2] The astern servo valve can affect the vessel's movement. *See* Appellant Br. at 7–8.

issue of fact existed as to whether Smith was wrongfully discharged. Accordingly, we affirmed the decision of the district court. *Smith v. Waterman Steamship Corporation, et al.*, No. 94-30174 (5th Cir. Sept. 8, 1994). The Form CG-2692 was never submitted to this Court, and this Court never relied upon it.

In the present suit, Smith asked the district court to set aside the earlier judgment under Rule 60(b), arguing that the Form CG-2692 constituted a "fraud upon the Court" because it stated that all equipment aboard the vessel was in good working order at the time of the accident and there is some debate as to whether the astern servo valve was in such order. R. at 331. The district court concluded that there was no fraud upon the court. The court found that, because the allegedly fraudulent Form CG-2692 was neither submitted to nor relied upon by the district court or this Court in the prior litigation, there was no link between the information allegedly missing from the form and the judgments entered in the earlier lawsuit. Thus, the district court denied Smith's Rule 60(b) motion. Smith appealed.

II

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to set aside a judgment for fraud upon the court. This Court has stated time and again that it will review a district court's Rule 60(b) ruling solely for an abuse of discretion. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001); *In re Al Copeland Enterprises*, 153 F.3d 268, 271 (5th Cir. 1998); *Ergo Sicence v. Martin*, 73 F.3d 595, 599 (5th Cir. 1996). Furthermore, when reviewing the denial of a Rule 60(b) motion, this Court does not review the underlying judgment. *Halicki v. Louisiana Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996); *Schewegmann Bank & Trust Co. v. Simmons*, 880 F.2d 838, 844 (5th Cir.

1989).

Rule 60(b) provides an extraordinary remedy because it can weaken the principle of finality and "the desire for a judicial process that is predictable." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Bailey v. Ryan Stevedoring Company, Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)). Thus, Rule 60(b) relief based on fraud upon the court is reserved for only "the most egregious misconduct." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). Fraud upon the court is a narrow concept that should include only those types of fraud that do, or attempt to, "defile the court itself," or frauds that are "perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980). In *First National Bank v. Lustig*, 96 F.3d 1554 (5th Cir. 1996), this Court further described the kinds of misconduct that could constitute a fraud on the court:

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id*. at 1573 (internal quotation marks and citations omitted). The very first test for fraud on the court under Rule 60 is "whether the action in question prevented a party from fully and fairly litigating its case." *Id*.

Smith does not, and cannot, complain that there was a nondisclosure *to the court* of facts allegedly pertinent to the matter before it. He argues that the Form CG-2692 was a fraud upon

-4-

the court in the prior litigation. As the district court noted below, the Form CG-2692 was never submitted to either the district court or the appellate court in the prior litigation. Therefore, the Form CG-2682 could not have been a nondiclosure to the court.

In essence, Smith complains that there was a nondisclosure *to the Coast Guard* of facts allegedly pertinent to the matter before the court. Given our decision in *First National Bank*, such a nondisclosure would constitute a fraud upon the court in only the rarest of circumstances. Even if the facts allegedly omitted from the Form CG-2692 were pertinent to the matter before the district and appellate courts in the prior litigation, the omission did not prevent Smith from fully and fairly litigating his case. Neither court considered the Form CG-2692. In fact, the form had absolutely no bearing on the district court's earlier conclusion that Smith was employed at will, a conclusion with which this Court took no issue on appeal.[3]

The district court concluded that the link between the alleged nondisclosure on the Form CG-2692 and the judgment entered in the earlier lawsuit was insufficient to establish a fraud on the court. We find no error in the district court's reasoning. We certainly find no abuse of discretion.

---

[3] It should go without saying that a court assuming a point *arguendo* for the purposes of appeal does not hold on that point. Nonetheless, in his complaint, Smith mischaracterizes this Court's opinion in the earlier appeal as "noting that the Collective Bargaining Agreement under which Smith was employed provided that he could only be discharged for just cause." R. at 326; *But see Smith v. Waterman Steamship Corporation, et al.*, No. 94-30174 (5th Cir. Sept. 8, 1994) ("*For purposes of this opinion*, we will *assume arguendo* that the collective bargaining agreement between Smith's union and Waterman is sufficient to invoke 46 U.S.C. § 10313(c) and that Smith could only be discharged for just cause.") (emphasis added).

III

Accordingly, we AFFIRM the district court's denial of Smith's Rule 60(b) motion to set aside the prior judgment.