United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41757
Conference Calendar

_____

LORENZO THOMAS,

Plaintiff-Appellant,

versus

JACKSON COMSTOCK, Individually & in his official capacity as
Lieutenant; BOBBY PURVIS, Individually & in his official
capacity as Sergeant; JERRY COWEN, Individually & in his
official capacity as Correctional Officer III; SAMMY BROWN,
Individually & in his official capacity as Correctional
Officer III; TERRY VALENTINE, Individually & in his official
capacity as Correctional Officer III; GARY HERRING,
Sergeant; MICHAEL ROESLER, Captain; KATHRYN BELL, Captain;
DENICIA JEFFERSON, Administrative Technician III; SYLVIA
PIASTA, Chief of Classification; EUGENE HARBIN, Major;
ROBERT TREON, Warden; CEDERIC MCKNIGHT, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:96-CV-378
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Lorenzo Thomas, Texas prisoner # 739840, appeals the

district court's denial of his FED. R. CIV. P. 60(b) motion as

untimely. Thomas argues that the district court abused its

-------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion in denying his FED. R. CIV. P. 60(b)(3) motion as untimely. He contends that he had no knowledge of the evidence alleged to be newly discovered until more than a year after the district court's judgment was affirmed by this court. He argues that he should not be held to the one year time limit of FED. R. CIV. P. 60(b) because he did not become aware of the Internal Affairs Division investigative report until he received it in the initial disclosure in No. 9:99-CV-333.

This initial disclosure was made on June 12, 2000. Thus, Thomas became aware of the alleged newly discovered evidence within one year of final judgment. The district court did not abuse its discretion in dismissing Thomas's motion as untimely. Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 871 (5th Cir. 1989).

Thomas's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Thomas's motion to supplement the record is DENIED.

Thomas is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Thomas that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility

unless he is under imminent danger of serious physical injury.

See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.