United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30663
Summary Calendar
_____

GEOFFREY J. BOULMAY, SR.

                                        Plaintiff-Appellant,

versus

RAMPART 920, INC., FIRST REPUBLIC CORP., NORTH RAMPART
CORPORATION, RAYMOND PEACOCK, ALVIN C. COPELAND, LAWRENCE CATHA,
PETER J. BUTLER, SR.; AUBREY B. HIRSCH, JR., "Copper"

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1187-F
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Geoffrey J. Boulmay, Sr., appeals from the dismissal of his

complaint for failure to state a claim upon which relief may be

granted, and from the denial of his FED. R. CIV. P. 59(e) motion

seeking reconsideration.  In his complaint, Boulmay asserted that

violations of the Racketeer Influenced and Corrupt Organizations

("RICO") Act by defendants Peter J. Butler, Sr., and Aubrey B.

Hirsch, Jr., had resulted in a fraud upon the court.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In addition to asserting civil RICO violations, Boulmay filed the complaint as an independent action seeking to set aside the judgment in Hotel Corp. of the South v. Rampart 920, Inc., 46 B.R. 758 (E.D. La. 1985) ("the 1985 Litigation"), for fraud upon the court. See FED. R. CIV. P. 60. In the 1985 Litigation, the district court, citing the preclusive effect of prior bankruptcy proceedings, denied relief on Boulmay's claims for damages for alleged violations of federal securities laws, fraud in Chapter 11 bankruptcy proceedings, violations of the RICO Act, and negligence and strict liability under Louisiana law, as well as Boulmay's request for declaratory relief.

Boulmay contends that his allegations regarding the actions of Butler and Hirsch with respect to bankruptcy proceedings and a 1987 state court case set forth a cognizable claim of fraud upon the court. However, as noted by the district court, its denial of relief in the 1985 Litigation was based on the preclusive effect of previous litigation. See Hotel Corp. of the South, 46 B.R. at 765. Because Boulmay's allegations, accepted as true, do not establish the existence of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision," Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989)(internal quotation and citation omitted), the district court did not err in its determination that Boulmay's complaint fails to state a claim for fraud upon the court with respect to the 1985 Litigation.

Boulmay also argues that the district court erred in dismissing his civil RICO claims as time-barred. He contends that he discovered evidence of RICO injuries on August 16, 2004, and that this discovery, as well as a discovery in 1999, establish a pattern of RICO activity.

Civil RICO actions are subject to a four-year statute of limitations. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). This circuit follows the "injury discovery" rule, under which the limitations period runs from the date "when a plaintiff knew or should have known of his injury." Rotella v. Wood, 528 U.S. 549, 553-54 (2000). In Rotella, the Supreme Court rejected a limitations period that begins to run only when the plaintiff discovers both an injury and a pattern of RICO activity. Id. at 552-54. Here, because Boulmay's filings show that he was aware of a RICO injury in 1999, more than four years prior to the filing of his complaint, the district court did not err. See id.

To the extent that Boulmay seeks to appeal the denial of his FED. R. CIV. P. 59(e) motion, his argument, which merely recites the standard of review and does not specify error on the part of the district court, is insufficient to preserve the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The judgment of the district court is AFFIRMED.