United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-30006
Summary Calendar

———————————

FREDDIE C. GADDIS,

Plaintiff-Appellant,

versus

UNION PACIFIC RAILROAD CO.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-1222

———————————

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Freddie C. Gaddis, proceeding *pro se* here and below, has appealed the district court's order denying his motion for relief, under FED. R. CIV. P. 60(b), from the district court's judgment dismissing his complaint seeking relief under the Federal Employers Liability Act.

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gaddis, proceeding *pro se*, filed his suit in May 1996 in respect to injuries he allegedly received in July 1977. Union Pacific Railroad Co., successor by merger to the named defendant Missouri Pacific Railroad Co., moved for summary judgment on the basis that Gaddis's claim was barred by limitations. The district court granted the motion for summary judgment and dismissed Gaddis's suit with prejudice. Gaddis timely appealed to this court, but thereafter, in April 1998, this court dismissed his appeal for want of prosecution.

Gaddis's instant Rule 60(b) motion was filed in June 2004. In that motion Gaddis claims that the defendant fraudulently "duped" him into not responding to its limitations-based motion for summary judgment by telling him that the court "was not going to grant" the motion.

Gaddis does not argue on appeal that the district court erred in treating his pleading as a motion pursuant to Rule 60(b), rather than as an independent action asserting fraud on the court pursuant to the savings clause of Rule 60(b). See FED. R. CIV. P. 60(b); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989).

To the extent that Gaddis sought relief based on fraud, under FED. R. CIV. P. 60(b)(3), the motion was untimely. To the extent that he sought relief based on a void judgment, under FED. R. CIV. P. 60(b)(4), Gaddis has not shown that the district court acted

"outside its legal powers." *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

Because the appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.