# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-50590
Conference Calendar

JUAN RUDY ENRIQUEZ

Plaintiff-Appellant

v.

A M STRINGFELLOW; JAMES PAUL KIEL, JR

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CV-261

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Rudy Enriquez, Texas prisoner # 227122, has appealed the district court's order denying his FED. R. CIV. P. 60(b) motion for relief from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. In his § 1983 complaint, Enriquez challenged the Texas Board of Pardons and Paroles' procedures on due process and equal protection grounds. The district court dismissed Enriquez's complaint. Enriquez timely appealed to this court, but thereafter, in November 2003, this court affirmed the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Enriquez's instant Rule 60(b) motion was filed in March 2006. In that motion, Enriquez asserted that newly discovered evidence proved that the district court's judgment was manifestly unjust, that it was obtained through fraud, and that it had been satisfied. To the extent that Enriquez's motion was brought pursuant to Rule 60(b)(2) and (3), the district court found that the motion was time-barred. To the extent that Enriquez brought his motion under Rule 60(b)(5), the district court denied the motion on the grounds that the grounds for relief raised therein had previously been visited and decided on appeal by this court. Enriquez timely appealed the denial of his Rule 60(b) motion.

Enriquez contends that, since his fraud claim is based on the premise that there was a fraud perpetrated upon the court, it cannot be time-barred. His allegations do not rise to the type of egregious behavior that would warrant relief under Rule 60(b) for fraud upon the court. See Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989). To the extent that Enriquez uses the term "manifestly unjust" to invoke the "catch-all" provision of Rule 60(b)(6), he has not shown extraordinary circumstances justifying relief from the judgment. See Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990).

Contrary to Enriquez's assertions, the Supreme Court decision in Wilkinson v. Dotson, 544 U.S. 74, 78-83 (2005), has no bearing on Enriquez's case. Moreover, to the extent that Enriquez reiterates the arguments raised in his § 1983 complaint, those arguments are not properly before the court. See Williams v. Chater, 87 F.3d 702, 705 (5th Cir. 1996).

Enriquez has not shown that the district court abused its discretion in denying his Rule 60(b) motion. See Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 770 (5th Cir. 1995). The district court's order is therefore AFFIRMED.