# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2012

No. 12-40033
Summary Calendar

Lyle W. Cayce
Clerk

GLENN FLOYD SMITH,

Plaintiff-Appellant

v.

DIANE KUKUA; KENNETH NEGBENEBOR; DIRK LORIMEIR; SAMUEL
SEALE; NATHANIEL ARDS; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:08-CV-194

Before JONES, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

Glenn Floyd Smith, Texas prisoner # 851176, appeals from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion for relief from the district court's judgment dismissing his 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1); § 1915(e)(2)(b)(i). Smith argues that the district court abused its discretion in denying him relief under Rule 60(b)(2) on the basis of the newly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40033

discovered evidence that two prison units, where he previously had been housed, did not post copies of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), in the law libraries. He further argues that the district court abused its discretion in denying relief under Rule 60(b)(3) on the basis of fraudulent court rulings and that the court erred in determining, in denying his Rule 60(b) motion, that his case was not dismissed pursuant to the AEDPA.

Our review of the district court's denial of a Rule 60(b) motion is limited to whether the district court abused its discretion in denying relief. *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). "It is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

A motion under Rule 60(b) must be made "within a reasonable time," and a motion under subsections (1) through (3) of Rule 60(b) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." FED R. CIV. P. 60(c)(1). Smith's Rule 60(b) motion, filed in October 2011, expressly sought relief from the judgment, which was entered on April 19, 2010, under Rule 60(b)(2) on grounds of newly discovered evidence and Rule 60(b)(3) on grounds of fraud. Because Smith filed his Rule 60(b) motion almost 18 months after the district court entered the judgment, his motion seeking relief under Rule 60(b)(2), (3) was untimely. *See* FED. R. CIV. P. 60(c)(1); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871-72 (5th Cir. 1989).

Although the district court did not rely on untimeliness as the basis for denial, we may affirm on any ground that is apparent from the record. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). Because it is apparent from the record that Smith filed his Rule 60(b) motion almost six months beyond the outer limit for seeking relief under Rule 60(b)(2), (3), the district court's denial of Smith's Rule 60(b) motion is AFFIRMED. *See* FED. R. CIV. P. 60(c)(1).