DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 40. The chancellor — after reading a transcript of a hearing that took place before a previous chancellor, and that had nothing to do with fraud — decided that Rosemary Finch previously had committed a fraud upon the court by failing to report on her Rule 8.05 financial disclosure form that her husband, Stewart Finch, had some credit card debt. Never mind that Stewart also failed to disclose it. In my *239 judgment, the chancellor’s finding of fraud and the order of sanctions were erroneous. Accordingly, I concur in part and dissent in part with the plurality opinion.

Violation of due process and simple fairness

¶ 41. First, this issue came out of left field. No party ever filed a motion asking the chancellor to find that Rosemary had committed fraud on the court. No party ever argued that Rosemary had committed a fraud upon the court. And the chancellor gave no notice — ever—that she would, for the first time, take the issue up in her final order. Never has any chancellor— with no notice to the parties and no opportunity to submit evidence on the issue— been allowed by this Court to find that a party committed fraud upon the court, and to issue sanctions.
¶ 42. At the beginning of the last hearing held in this litigation, the chancellor— after stating the purpose of the hearing— stated that “no additional claims or allegations are being made at this time.” The parties agreed, specifying that the only matters to be taken up were Rosemary’s Motion for Enforcement of a Judgment and Stewart’s Motion to Strike. No one mentioned any issue related to Rule 60(b) relief for fraud upon the court.
¶ 43. The truth is, Stewart never filed any motion or other pleading alleging Rosemary had committed fraud upon the court; and prior to blindsiding Rosemary at oral argument, he never made any argument that Rosemary’s failure to report his credit card debt on her Rule 8.05 financial statement amounted to fraud on the court. And, as stated above, the chancellor — with agreement of all parties — specifically limited the issues to be argued, and those issues did not include anything to do with fraud or the Rule 8.05 issue.
¶ 44. No witnesses testified at the oral argument, and Rosemary was never put on notice that the Rule 8.05 issue would even be considered. This comports neither with due process nor my view of simple fairness in the judicial process.
¶ 45. With respect, I cannot agree with the plurality’s conclusion that Stewart’s mere mention in his proposed findings of fact and conclusions of law (which, by the way, was not filed until after the evidentia-ry hearing, and which was completely unrelated to any claim of fraud upon the court) was sufficient to relieve him of the obligation to file a motion, or to relieve the chancellor of the obligation to provide notice and a hearing on the matter, before awarding sanctions. And I certainly cannot join the plurality’s unreasonable expectation that Rosemary — with no notice whatsoever, and no opportunity to defend herself — simply should have assumed the chancellor would find she had committed fraud upon the court.
¶ 46. While I respect and appreciate our chancellors and the difficult work they are required to do, the day will not come when I will agree to affirm a finding of fraud against a party who was never put on notice of any fraud allegation and never given an opportunity to defend it. A chancellor’s discretion does not, in my view, reach that far.

No evidence to support fraud

¶ 47. There is no such thing as accidental fraud, that is to say, for an act to be fraudulent, it must be intentional. The chancellor who found that Rosemary committed fraud for failing to disclose Stewart’s credit card debt, has no evidence from the record to suggest why she did so. She took no evidence on the issue.
¶ 48. Not every failure to disclose information on a Rule 8.05 disclosure statement results in fraud. This Court has recognized that “mere nondisclosures to an adverse party and to the court of facts perti *240 nent to a controversy before the court does not add up to ‘fraud upon the court’ for purposes of vacating a judgment under Rule 60(b).”[2] Instead,
relief based on “fraud upon the court” is reserved for only the most egregious misconduct, and requires a showing of “an unconscionable plan or scheme which is designed to improperly influence the court in its decision.”[3]
¶ 49. Where is the evidence of a “plan or scheme”? It is not in the record, nor will you find it discussed in the plurality opinion. To the contrary, the record clearly discloses that, rather than attempting to gain an advantage by misleading the chancellor about financial matters, Rosemary chose not to pursue the chancellor’s clearly erroneous finding that Stewart’s income was $121,000, when it actually was $150,000. Both the record and the majority opinion are void of any hint of evidence to support fraud. And all of this is in the context of almost $800,000 in liabilities.
¶ 50. One final point concerning the plurality’s statement that “nothing in the record undermines that Stewart was unaware of the remaining debt.” This provides the only example I have seen where a finding of fraud has been predicated upon the accused’s failure to submit evidence that he or she did not commit fraud.
¶ 51. A finding that a party has committed fraud upon the court is not a trivial matter, and Rosemary should have been afforded notice of this serious claim against her, and an opportunity to defend against it. Because the chancery court failed to do so here, and because the plurality fails to correct the error, I would also reverse both the chancellor’s finding that Rosemary committed a fraud upon the court, and the award of sanctions.
WALLER, C.J., KING AND COLEMAN, JJ., JOIN THIS OPINION. CHANDLER, J„ JOINS THIS OPINION IN PART.

. Trim v. Trim, 33 So.3d 471, 477-78 (Miss.2010) (quoting Kerwit Med. Prods. v. N & H Instruments, Inc., 616 F.2d 833, 836 n. 8 (5th Cir.1980)).

. Trim, 33 So.3d at 477-78 (quoting Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978))).