# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30561
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2014

Lyle W. Cayce
Clerk

RONNIE M. LYLES,

Plaintiff-Appellant

v.

SEACOR MARINE, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CV-3121

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie M. Lyles appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the judgment that dismissed his claims under the Jones Act and general maritime law against Seacor Marine, Incorporated. Lyles sought damages for a back injury that he alleges he suffered while he was employed as a deckhand by Seacor on the M/V ADAM McCALL. The district court determined that Lyles did not show that Seacor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30561

was negligent or that the M/V ADAM McCALL was unseaworthy; the district court also denied Lyles's request to assert a maintenance and cure claim, which he raised for the first time at trial. We affirmed the district court's judgment on direct appeal.

Almost ten years after the entry of the district court's judgment, Lyles filed the instant motion entitled "Motion for Relief from Judgment pursuant to FRCVP 60(b)(3) Insurance Fraud," reasserting his claims. The district court denied the motion. On appeal, Lyles reasserts his claims against Seacor, and again contends that the district court erred by not allowing him to add a claim for maintenance and cure. He also raises numerous allegations of fraud and misconduct by the district court, as well as a conspiracy between the court and Seacor to deny his claims. In particular, he argues that the trial judge has a strong personal bias and a racial bias against him and that manifest injustice will occur if the court does not consider his claims of fraud committed by the district court.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted -- denial must have been so unwarranted as to constitute an abuse of discretion." *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 582 (5th Cir. 1988) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). A Rule 60(b) motion is not an opportunity to rehash prior arguments. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (noting that, as a general proposition, a Rule 60(b) motion is not a permissible method for a party to "relitigate its case").

Lyles has not shown that the district court abused its discretion in determining that he was precluded from challenging the judgment. *See United*

*States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012).  Lyles's Rule 60(b)(3) motion alleging fraud also was not timely filed within one year of the judgment as required by Rule 60(c)(1).  *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871-72 (5th Cir. 1989); *see also Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (this court may affirm on any alternative ground apparent from the record).  Further, Lyles did not present clear and convincing evidence of fraud, misrepresentation, or misconduct by Seacor or by the district court that prevented him from fully and fairly presenting his case.  *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Lyles may not reargue in a Rule 60(b) motion issues that were raised in his complaint or raise arguments that could have been raised on direct appeal. *See Triple Tee Golf, Inc.*, 485 F.3d at 269.  Lyles did not present evidence to support his claim that the district court judge had a personal or racial bias against him.  Lyles's claim that the district court judge should have recused herself lacks merit as adverse judicial rulings alone are insufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  To the extent that Lyles is raising new claims, including numerous allegations of fraud and misconduct by the district court, we do not consider claims raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Stewart Glass & Mirror v. U.S. Auto Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).  The district court's judgment is affirmed.

In conjunction with his appeal, Lyles has filed several motions.  The motions are denied.

Finally, Lyles's allegations of misconduct by the district court are without a factual basis, are speculative, and are frivolous.  He also attempts to relitigate the issues previously decided by the district court and affirmed by this court on direct appeal.  Pro se litigants do not have "unrestrained license

No. 13-30561

to pursue totally frivolous appeals." *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987). Lyles is warned that future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.