# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60271
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2019

Lyle W. Cayce
Clerk

CLARENCE SHED,

     Plaintiff - Appellant

v.

JOHNNY COLEMAN BUILDERS, INCORPORATED; JOHNNY COLEMAN,
doing business as Johnny Coleman Companies, L.L.C.; SHERRY MAGGIO
FLYNN,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-171

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The Plaintiff Clarence Shed, proceeding *pro se*, appeals from the district court's denial of his Rule 60(b) motion. Under that rule, "the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . fraud . . . misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60271

(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.* "A district court's denial of a Rule 60(b) motion will be reversed only for abuse of discretion." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).

Here, Shed's briefing makes vague allegations of fraud that at the very least do not rise to the level of clear and convincing evidence. The district court did not abuse its discretion in denying Shed's motion.

The judgment of the district court is **AFFIRMED**, and Shed's accompanying motion for appointment of counsel is **DENIED**.