# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

Lyle W. Cayce
Clerk

No. 19-30680
Summary Calendar

CARL GENE THYMES,

Plaintiff - Appellant

v.

SANS CHEVAUX INVESTMENTS, L.L.C.; AT&T MOBILITY SERVICES, L.L.C.; CIA/COINTELPRO; L'AUBERGE CASINO; HOTEL; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-867

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Carl Thymes, appearing *pro se*, brings a host of unrelated claims against various disconnected parties.[1] He challenges the district court's denial of his motion to rescind the district court's dismissal of his claims. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Thymes sues the CIA and "Cointelpro" for spying on him in violation of his Fourth Amendment rights. He sues AT&T for discrimination and harassment in violation of Title VII. Against Sans Chevaux Investments, Thymes accuses the company of racketeering in

No. 19-30680

The procedural history of this case is as follows. The district court dismissed Thymes' claims without prejudice on January 2, 2019. Thymes timely filed a Rule 59(e) motion to reconsider on January 8, 2019, tolling his deadline to appeal. FED. R. APP. P. 4(a)(4)(A)(vi). The district court denied Thymes' motion on January 23, 2019. At this point, the sixty-day deadline to appeal began, and Thymes had until March 25, 2019 to appeal.[2] On January 28, 2019, Thymes filed a second motion to reconsider. The district court denied his motion on August 7, 2019. Thymes then filed his notice of appeal on August 21, 2019.

Thymes' notice of appeal, filed nearly five months after the district court denied his first motion to reconsider, was not timely as to the district court's *sua sponte* dismissal without prejudice or denial of his January 8 Rule 59 motion. To the extent Thyme seeks to appeal either of these orders, this court lacks jurisdiction.[3] *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017) ("[A]n appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal."); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992) ("In general, a second motion to reconsider does not

---

violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). Thymes also brings a RICO claim against L'Auberge Casino, contending that the casino valet purposefully "lost" his car so that he would stay another night and continue to gamble large amounts.

[2] When an agency of the United States is a party to the proceeding, the deadline as to all parties to file a notice of appeal in a civil case is sixty days from the entry of final judgment. FED. R. APP. P. 4(a)(1)(B); 28 U.S.C.A. § 2107.

[3] This case is analogous to *Keller v. Louisiana*, 54 F. App'x 591 (5th Cir. 2002) (per curiam). There, the district court ruled on appellant's Rule 59(e) motion on February 25, 2002, leaving him until March 27, 2002 to file a timely notice of appeal. *Id.* Appellant filed a Rule 60(b) motion on March 11, 2002, which the court determined did not toll the appeal deadline because it raised no new grounds for reconsideration. *Id.* The court concluded that appellant's notice of appeal, filed on April 11, 2002, was not timely as to the district court's dismissal of his claims or denial of his Rule 59(e) motion—the court could only review his appeal of the district court's denial of his Rule 60(b) motion. *Id.*

2

interrupt the . . . period to appeal a judgment where the second motion raises substantially the same grounds as urged in the earlier motion." (citation omitted)).

We may, however, review Thymes' appeal of the district court's denial of his second January 28 motion to reconsider. "The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). Even so, "an improperly successive Rule 59(e) motion [can] be transformed into a Rule 60(b) motion." *Id.* Because Thymes filed a successive motion for relief from the district court's judgment, we treat this second motion as a Rule 60(b) motion. Accordingly, we have jurisdiction over Thymes' appeal of the district court's denial of his Rule 60(b) motion.

This court reviews the denial of a Rule 60(b) motion for abuse of discretion. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989). Rule 60(b) sets out five specific bases for granting relief from a final judgment, none of which Thymes argues for in his appeal. The sixth clause, Rule 60(b)(6), provides that a court may relieve a party from a final judgment for "any other reason justifying relief." "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992) (citation omitted). Relief under Rule 60(b)(6) is granted "only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted). Indeed, "Rule 60(b) is not a substitute for a timely appeal." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) (citation omitted). Thymes has made no showing of extraordinary circumstances and therefore fails to show that the district court abused its discretion in denying Rule 60 relief.

Based on the foregoing, the district court's denial of Thymes' Rule 60(b) motion is AFFIRMED.