# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 20-61101
Summary Calendar

---

AMANDA KAY RENFROE, *individually, as the widow of* MICHAEL WAYNE RENFROE, *deceased*, *and as the natural mother and adult next friend of* S.W.R., *her minor child, who are the sole heirs and wrongful death beneficiaries of* MICHAEL WAYNE RENFROE, *deceased*; THE ESTATE OF MICHAEL WAYNE RENFROE; and AMANDA KAY RENFROE, *in her official capacity as administratrix of* THE ESTATE OF MICHAEL WAYNE RENFROE,

*Plaintiffs—Appellants,*

*versus*

ROBERT DENVER PARKER; RANDALL TUCKER,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-609
USDC No. 3:19-CV-396

---

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

Per Curiam:*

Amanda Kay Renfroe (Mrs. Renfroe) appeals the denial of her Federal Rule of Civil Procedure 60(b) motion to set aside judgment. She had filed a 42 U.S.C. § 1983 civil rights suit against Madison County Sheriff Deputy Robert Parker and Madison County Sheriff Randall Tucker, in both their individual and official capacities, based on an officer-related shooting that resulted in the death of her husband, Michael Renfroe (Mr. Renfroe).

We review the denial of relief on a Rule 60 motion for abuse of discretion. *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989). A district court abuses its discretion if its decision is based on a legal error or a clearly erroneous finding of fact. *Rodriguez v. Johnson*, 104 F.3d 694, 696 (5th Cir. 1997).

First, Mrs. Renfroe argues that the district court abused its discretion when it denied her Rule 60(b)(2) motion based on the newly discovered evidence of an autopsy report and accompanying expert report by a forensic pathologist. Relying on the pathologist's opinion that there was no physical altercation between Deputy Parker and Mr. Renfroe, Mrs. Renfroe disputes Deputy Parker's statement that her husband choked and hit the deputy. In addition, Mrs. Renfroe contends that the newly obtained autopsy report reflects bullet trajectories indicating that Deputy Parker did not shoot Mr. Renfroe in self-defense.

Mrs. Renfroe has not shown that the new evidence "is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). Although she asserts that the information regarding the bullet trajectories and the forensic pathologist's opinion establish that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

deputy did not shoot in self-defense, the testimony by Deputy Parker and the accompanying dashboard camera recording reflect that Mr. Renfroe in fact moved toward Deputy Parker in a threatening manner. Deputy Parker's use of deadly force, under these circumstances, did not violate the Fourth Amendment because it was objectively reasonable for him to believe that Mr. Renfroe posed a threat of serious harm. *See Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018); *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). Because Mrs. Renfroe has not demonstrated that the autopsy and expert report clearly would have produced a different result, she has failed to show that the district court abused its discretion in denying her Rule 60(b)(2) motion. *See Wilson*, 873 F.2d at 871; *Goldstein*, 340 F.3d at 257.

Second, Mrs. Renfroe argues that the district court abused its discretion when it denied her Rule 60(b)(3) motion based on fraudulent statements by Deputy Parker in regard to his physical altercation with Mr. Renfroe. She asserts that Deputy Parker's misstatements prevented her from fully and fairly presenting her case.

In this matter, Deputy Parker provided a sworn statement about his physical altercation with Mr. Renfroe during the eight seconds in which they are not visible on the dashboard camera and before he shot Mr. Renfroe. Deputy Parker introduced the dashboard audio recording to corroborate that testimony. There is no indication from the record that he or Sheriff Tucker concealed any evidence from Mrs. Renfroe or provided fraudulent testimony to contradict evidence that existed in this case. To the extent Mrs. Renfroe argues that Deputy Parker's statements contradicted the forensic pathologist's expert report, that report was merely his opinion formulated after reviewing the autopsy report. She has not shown either that Deputy Parker engaged in fraud or that any fraudulent conduct prevented her from presenting her case fully and fairly to the court. *See Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992). Therefore, Mrs. Renfroe has failed to

No. 20-61101

show that the district court abused its discretion in denying her Rule 60(b)(3) motion. *See Wilson*, 873 F.2d at 871.

The judgment of the district court is AFFIRMED.