# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40577
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2025

Lyle W. Cayce
Clerk

PATRICE LOOPER, *as the Personal Representative of* APPELLANT
DELORES LOOPER, *for substitution in the place and stead of* THE
APPELLANT DELORES LOOPER, *deceased*,

*Plaintiff—Appellant*,

*versus*

PAMELA BONDI, *U.S. Attorney General*; HUGH HURWITZ; CARROLL
ELLIS HAYES; DALLAS B. JONES; MONICA BERGERON; FEDERAL
BUREAU OF PRISONS; 6 UNKNOWN EMPLOYEES,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-377

———————————————————————

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40577

Patrice Looper, as personal representative and substitute of deceased appellant, Deloris Looper, appeals the district court's denial of motions to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), and for the recusal of the magistrate and district court judges. We previously affirmed the district court's dismissal of Looper's civil complaint. *See Looper v. Jones*, No. 22-40579, 2023 WL 5814910 (5th Cir. Sept. 8, 2023) (unpublished).

To the extent Looper's arguments duplicate arguments previously raised and rejected by us, the law of the case doctrine precludes her from reurging them. *See United States v. Vahlco Corp.*, 895 F.2d 1070, 1072 (5th Cir. 1990); *see also United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016) (explaining that an issue of law decided on appeal may not be reexamined by the appellate court on subsequent appeal). Moreover, to the extent that Looper raises new issues, any claims that could have been raised in her prior appeal are deemed waived. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607-08 (5th Cir. 2004) (explaining that a plaintiff cannot raise a claim that could have been raised in a previous appeal in the same case).

Regarding her allegations of fraud on the court, Looper did not, despite her contentions, present clear and convincing evidence, nor any evidence at all, to demonstrate that the defendants or the district court committed fraud on the court by engaging in egregious activity such as bribery, fabrication of evidence, or participation in a scheme to "defile the court." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (internal quotation marks and citations omitted); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338-39 (5th Cir. 1978); Fed. R. Civ. P. 60(d)(3). Accordingly, the district court did not abuse its discretion in denying Looper's request for relief from the judgment pursuant to Rule 60. *See Wilson*, 873 F.2d at 871-72.

2

No. 24-40577

Looper also fails to show that the district court abused its discretion in denying her recusal motion. *Street v. BP Expl. & Prod., Inc.*, 85 F.4th 266, 271 (5th Cir. 2023); *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *see also Liteky v. United States*, 510 U.S. 540, 554-55 (1994). In addition, she fails to show that the district court abused its discretion in denying relief under Federal Rule of Civil Procedure 60 based on her claims of judicial recusal. *See Roberts v. Wal-Mart La., L.L.C.*, 54 F.4th 852, 854 (5th Cir. 2022); *see also Liteky*, 510 U.S. at 554-55.

AFFIRMED.