IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-20924
_____


ELROY WILLIAMS,

                                        Plaintiff-Appellant,

        versus

SHIRLEY S. CHATER, Commissioner
of Social Security,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court for the
                Southern District of Texas
_____

June 28, 1996

Before GARWOOD, SMITH and DENNIS, Circuit Judges.

GARWOOD, Circuit Judge:

    Plaintiff-appellant Elroy Williams (Williams) appeals the
district court's dismissal of his suit challenging the denial by
defendant-appellee Commissioner of Social Security of Williams'
claim for Social Security disability benefits.  The only argument
made in Williams' brief is a complaint that the district court
erred by failing to consider allegedly "new and material" evidence
submitted for the first time in support of Williams' motion under
Fed. R. Civ. P. 60(b) seeking to set aside the district court's
earlier judgment dismissing his suit.  Williams gave timely notice
of appeal from that earlier judgment, but filed no notice of appeal
from the court's order denying his Rule 60(b) motion.  We

accordingly have no jurisdiction to consider the denial of the 60(b) motion, and although the underlying judgment is properly before us, Williams has presented no basis for reversal. We accordingly affirm.

### Facts and Proceedings Below

In 1988, Williams filed applications for Title II disability insurance and Title XVI Supplemental Security Income based upon back injuries that he had sustained. Both the state agency and the Social Security Administration (SSA) denied Williams' claims. On January 6, 1989, Williams received a hearing before an administrative law judge (ALJ)regarding his claims. The ALJ issued a decision on September 21, 1989, finding that the claims had properly been denied as Williams was not under a "disability" within the meaning of the Social Security Act. After consideration by the Appeals Council, Williams' case was remanded for further proceedings to allow him to submit additional medical records. The ALJ held a hearing on March 20, 1991, as well as a supplemental hearing on November 27, 1991, at which time he considered the results of additional consultative examinations, the testimony of vocational experts following the submission of interrogatories, and the testimony of Williams and additional lay witnesses offered by Williams to establish the extent of his disability.

On January 9, 1992, the ALJ issued a second decision finding, *inter alia*, that: (1) Williams suffered impairments which, while severe, did not come within the criteria for listed impairments set forth in the relevant regulations; (2) Williams could not perform

2

his past relevant work; but (3) Williams could perform other unskilled sedentary work available in significant numbers in the national economy as identified by the vocational experts. Therefore, the ALJ again concluded that Williams was not under a "disability" within the meaning of the Social Security Act. The Appeals Council denied Williams' request for review of the ALJ's decision on November 5, 1992.

In January 1993, Williams filed the instant suit in the court below challenging the SSA's disposition of his claim. In June and August 1993, the parties filed motions for summary judgment. On October 13, 1994, the district court granted the SSA's motion and entered a Rule 58 judgment in favor of the SSA. Williams filed a timely notice of appeal from that judgment on December 9, 1994. Williams thereafter filed a Motion to Vacate and/or to Reconsider Summary Judgment and for Rehearing on December 16, 1994, in which he asserted that "new and material evidence," specifically an I.Q. test, required that the judgment be reopened. The district court denied Williams' motion by order entered February 23, 1995. Williams filed no new notice of appeal from the denial of his Rule 60(b)motion.

## Discussion

Although the possible lack of jurisdiction as to the denial of the Rule 60(b) motion has not been raised by the parties, we are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary. *Bader v. Atlantic Intern., Ltd.*, 986 F.2d 912, 914 (5th Cir. 1993). As noted above, while Williams filed a timely notice

3

of appeal from the district court's October 13, 1994, judgment in favor of the SSA, no notice of appeal was filed from the denial of Williams' December 16, 1994, motion under Rule 60(b). Yet in his brief before this Court, Williams complains only of the denial of his Rule 60(b) motion by the court below. These facts create a jurisdictional question that gives us pause.

A Rule 60(b) motion may be made at any time within one year from the entry of judgment, regardless of the pendency or completion of an appeal from the underlying judgment. *See Ingraham v. United States*, 808 F.2d 1075, 1080-81 (5th Cir. 1987). The denial of a Rule 60(b) motion is itself separately appealable. *Id.* at 1081. Furthermore, an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review, *Browder v. Director, Dept. of Corrections of Illinois*, 98 S.Ct. 556, 560 n.7 (1978); *see also Jones v. Phipps*, 39 F.3d 158, 161-62 (7th Cir. 1994)(notice of appeal of denial of Rule 60(b) motion does not bring up underlying default judgment), or *vice versa*. *See Schwegmann Bank & Trust Co. of Jefferson v. Simmons*, 880 F.2d 838, 844 (5th Cir. 1989)(appeal of underlying judgment does not raise subsequent denial of 60(b) motion for review). Accordingly, we have previously recognized that where a Rule 60(b) motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required in order to preserve the denial of the Rule 60(b) motion for appellate review. *Ingraham*, 808 F.2d at 1080-81; *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 744 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 694 (1994); *accord, Goffman v.*

4

*Gross*, 59 F.3d 668, 672-73 (7th Cir. 1995).[1]  Absent such a

separate notice of appeal, we are without jurisdiction to review

the trial court's disposition of a Rule 60(b) motion.  It is

---

[1]    We are mindful of the Supreme Court's admonition in *Smith v. Barry*, 112 S.Ct. 678 (1992), that the requirements of Federal Rule of Appellate Procedure 3(c) governing the contents of the notice of appeal are to be construed liberally, and that a brief may serve as the "functional equivalent" of a notice of appeal provided that it meets the requirements of Rules 3(c) and 4.  Yet given the separate nature of the 60(b) motion as demonstrated above and the procedural sequence in the present case, we conclude that *Smith* is inapplicable here.

In *Smith*, the pro se prisoner appellant attempted to file a notice of appeal that was technically deficient under Federal Rule of Appellate Procedure 4(a)(4) because it was filed prior to the disposition of a pending post-verdict motion for judgment as a matter of law.  By contrast, Williams made no attempt to file any notice of appeal from the denial of his requested 60(b) relief; rather, before he even filed his Rule 60(b) motion and long before it was acted on, he filed a notice of appeal from the underlying judgment.  This *is* a valid notice of appeal and brings up the underlying judgment, but cannot possibly be construed as even attempting to include the order denying the Rule 60(b) motion.  This notice of appeal has never been amended, and no new notice of appeal has been filed.  Williams'*only* appellant's brief, filed April 18, 1995, does not purport to contain a notice of appeal or to supplement or amend the previous notice of appeal.  Williams was due to file an appellant's brief in his appeal from the October 13, 1994, judgment and only by reading well into the body of that brief does one realize that its argument is really directed at the February 23, 1995, order denying the Rule 60(b) motion, not the October 13, 1994, summary judgment from which the December 9, 1994, notice of appeal had been given.  Thus, for example, the brief commences by stating "Appellant is appealing from a Summary Judgment granted to Appellee."  Williams has been represented by counsel throughout.  Even when construed liberally, to conclude on these facts that the requirements of Rule 3(c) have been met would be to essentially eviscerate the rule.

This conclusion is bolstered by our post-*Smith* decision in *McKethan* as well as that of the Seventh Circuit in *Goffman.* Both of these decisions, while not making express reference to *Smith*, hold on similar facts that the failure to file a separate notice of appeal is fatal to appellate jurisdiction to review the denial of 60(b) relief. *But cf. Intel Corp. v. Terabyte Intern. Inc.*, 6 F.3d 614, 617-18 (9th Cir. 1993)(holding that brief served as notice of appeal from determination of award of attorney's fees despite fact that fees determined after appeal noticed from underlying judgment).

5

undisputed that Williams failed to file a separate notice of appeal from the district court's denial of his Rule 60(b) motion, and therefore we are bound to conclude that the 60(b) motion is not properly before us.[2]

---

[2] We further note that even if we had jurisdiction of Williams' claims pertaining to the denial of his Rule 60(b) motion, he plainly would not prevail on the merits. A district court's disposition of a Rule 60(b) motion is reviewable only for abuse of discretion so that such motions do not become a means for circumventing the requirement of a timely appeal. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990). Furthermore, we have repeatedly held that in order to prevail on a motion under Rule 60(b)(2) based upon newly presented evidence, the movant must demonstrate among other things that it exercised due diligence in obtaining the information. *Government Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995); *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1199 (5th Cir. 1993).

In the present case, Williams seeks to introduce the report of Dr. James Rice, which states that Dr. Rice evaluated Williams on November 30, 1994, and that Williams achieved verbal, performance, and full scale I.Q. scores of 71, 67, and 68 respectively. Williams argues that Dr. Rice's evaluation demonstrates that the ALJ erroneously found Williams to have attained a marginal educational level rather than finding him to be illiterate, and therefore erroneously applied the medical-vocational grids.

However, Williams failed to obtain this evaluation until after the district court's entry of judgment on October 12, 1994, and almost two years after the ALJ's final decision on January 9, 1992. Williams maintains that his indigence and limited mental capacity prevented him from obtaining this evaluation any earlier.

Even if we were able to reach the merits, the record reflects no abuse of discretion by the district court in denying Williams' motion for post-judgment relief. Williams failed to exercise due diligence in obtaining an I.Q. test. The record reflects that Williams' verbal and mathematical ability were clearly in issue before the ALJ. The ALJ demonstrated a willingness to order additional consultative examinations to document Williams' medical disabilities, at no expense to Williams, yet Williams apparently made no efforts to obtain similar examinations to demonstrate any mental impairments during the course of the administrative proceedings. There has been no showing of any change in Williams' financial circumstances. Williams was represented by counsel throughout the course of these proceedings before the ALJ and in the district court (as well as on appeal).

We further note that section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), requires a showing of good cause for the

6

Although Williams' timely notice of appeal from the grant of summary judgment properly preserved any issues relating to the underlying judgment for our review, Williams fails to raise any such issues in his brief to this Court. Therefore, any issues relating to the propriety of the underlying judgment in this case have been waived. *See, e.g., Applewhite v. Reichhold Chem., Inc.,* 67 F.3d 571, 573 & n.7 (5th Cir. 1995).

As none of the claims actually raised by Williams in his brief are properly before this Court, the district court's judgment is

AFFIRMED.

---

failure to incorporate the evidence into the administrative record before a remand will be ordered. No such showing was made here.