# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-20316
Summary Calendar

WILLIAM GARY BRADBERRY,

Plaintiff-Appellant,

versus

HOUSTON BRALY, Doctor; LAN NELSON, Doctor,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1541)

October 27, 1999

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

POLITZ, Circuit Judge:[*]

William Gary Bradberry, an inmate proceeding pro se and in forma pauperis, appeals an adverse summary judgment in his 42 U.S.C. § 1983 suit against Drs. Houston Braly and Lan Nelson. Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendants are members of the medical and psychiatric staff at the Wynne Unit of the Texas Department of Criminal Justice, Institutional Division.[1] Bradberry contends that Drs. Braly and Nelson acted with deliberate indifference to his serious medical needs by witholding mental health treatment and medication in violation of the eighth amendment's proscription against cruel and inhuman punishment.

At the threshold we decline defendants' suggestion that we dismiss this appeal due to Bradberry's failure to cite to relevant portions of the record in his brief.[2] Defendants have not shown that they have been prejudiced thereby. Further, Bradberry's brief adequately details the claims asserted and his contentions as to why the district court erred.[3]

To establish a claim under 42 U.S.C. § 1983 based on a denial of medical treatment, Bradberry must prove that "care was denied and that this denial constituted 'deliberate indifference to serious medical needs.' "[4] Moreover, he must

---

[1]Bradberry also asserted claims against four other members of the Wynne Unit's psychiatric staff. Although the court ordered service on all defendants, only Drs. Braly and Nelson were actually served.

[2]See 5th CIR. R. 28.2.3.

[3]**Grant v. Cuellar,** 59 F.3d 523 (5th Cir. 1995).

[4]**Johnson v. Treen,** 759 F.2d 1236, 1237 (5th Cir. 1985) (quoting **Estelle v. Gamble,** 429 U.S. 97,106 (1976)).

establish that the defendants were subjectively reckless in that they actually perceived and disregarded a substantial risk of serious harm by denying him psychiatric treatment.[5]  On the summary judgment record, we must conclude that Bradberry did not sufficiently allege and adequately establish facts demonstrating a substantial risk of serious harm resulted because of the denial of mental health treatment and medication. Bradberry was seen by doctors and nurses in the psychiatric unit on at least five different occasions between the time of his entrance into the Wynne Unit and the filing of this action.  There is no indication that he was suicidal or that he otherwise posed a danger to himself or others. He was placed on no restrictions and had no record of disciplinary problems.

Additionally, the challenged actions of Drs. Braly and Nelson do not rise to the level of culpability necessary to support a claim of deliberate indifference. While Dr. Braly's refusal to review Bradberry's VA records, coupled with the failure to request these records until one year after his admittance to the Wynne Unit, may amount to negligence, such failings do not constitute subjective recklessness.[6]  Our review of the summary judgment record reflects no genuine

---

[5] **Farmer v. Brennen,** 511 U.S. 825 (1994); **Reeves v. Collins,** 27 F.3d 174 (5th Cir. 1994).

[6]**Estelle v. Gamble,** 429 U.S. at 106, ("[A] complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical

issue of material fact necessitating a trial. The district court's grant of summary judgment in favor of Drs. Braly and Nelson is affirmed.[7]

Bradberry also contends that a fraud was perpetrated upon the court in that at his Spears[8] hearing defendants misrepresented to the court the timing of their request for his VA medical records. Bradberry moved for relief from judgment but did not appeal the adverse decision on that motion. We lack jurisdiction to hear this claim.[9] We also lack jurisdiction to hear his complaint that the magistrate judge improperly denied his request for counsel. That ruling was not appealed to the district court and thus may not be heard by this court.[10]

The judgment appealed is AFFIRMED.

---

mistreatment under the Eighth Amendment."); **Varnado v. Lynaugh,** 920 F.2d 320 (5th Cir. 1991).

[7]**Little v. Liquid Air Corp.,** 37 F.3d 1069 (5th Cir. 1994) (en banc); **Johnson,** 759 F.2d at 1238 (5th Cir. 1985).

[8]**Spears v. McCotter,** 766 F.2d 179 (5th Cir. 1979).

[9]**Williams v. Chater,** 87 F.3d 702 (5th Cir. 1996).

[10]**Colburn v. Bunge Towing, Inc.,** 883 F.2d 372 (5th Cir. 1989).