United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41455
Summary Calendar

RICHARD DELANEY KYLES,

Plaintiff-Appellant,

versus

GERALD GARRETT; TROY FOX,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-53
--------------------

Before GARZA, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Delaney Kyles, Texas prisoner # 257935, appeals the
district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous.  As a threshold matter, we are obligated to examine
sua sponte the basis of our jurisdiction.  See Williams v.
Chater, 87 F.3d 702, 704 (5th Cir. 1996).  Pursuant to FED. R.
APP. P. 4(a)(4)(B)(i), the filing of a timely FED. R. CIV. P. 59(e)
motion renders a notice of appeal ineffective until the district
court enters an order disposing of the motion.  Kyles filed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

timely Rule 59(e) motion, but filed his notice of appeal before the district court ruled on the motion.  His notice of appeal is, therefore, ineffective.

Consequently, this case must be remanded, and the record returned, so that the district court may rule on Kyles' Rule 59(e) motion "as expeditiously as possible, consistent with a just and fair disposition thereof." Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).  We hold the appeal in abeyance until the notice becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand.  We also instruct the clerk of this court to process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.