**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2011

No. 11-50274
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

JERRY SANCHEZ, also known as Sanchez,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-164

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Troy McClure, Texas prisoner # 1420457, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. By filing such a motion, McClure is challenging the magistrate judge's certification, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50274

A prisoner must properly exhaust the prison grievance procedure before he may file a § 1983 suit against prison officials.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93, 95 (2006).  McClure makes a conclusional assertion that the defendant's claim that he failed to exhaust is incorrect.  However, he does not argue that he timely filed both Step 1 and 2 grievances regarding the alleged August 3, 2007, incident, as required by the Texas prison grievance procedure.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  His argument that he could have shown that he suffers post traumatic stress disorder if he had been allowed discovery does not address the magistrate judge's reasons for granting the defendant's motion for summary judgment and for dismissing the appeal--McClure's failure to exhaust.

McClure asserts that the district court ignored that he had filed suit against the grievance department investigator, D. Fenner, and he argues that because of Fenner's interference with his grievances, his failure to exhaust should be excused.  In his original complaint, McClure asserted simply that Fenner "failed to protect" and "failed to uphold due process of law."  He did not assert that Fenner or anyone else interfered with the grievance process.  He raised that assertion for the first time in his "objections" to the magistrate judge's judgment.  However, McClure did not file a notice of appeal from the magistrate judge's denial of his objections to the judgment, which the magistrate judge construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).  Accordingly, we lack jurisdiction to review the denial of that motion.  *See* FED. R. APP. P. 4(b)(1)(A)(vi), (B)(ii); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Williams v. Chater*, 87 F.3d 702, 704-06 (5th Cir. 1996).

McClure has not shown any error in the magistrate judge's certification that his appeal is not taken in good faith.  *See* § 1915(a).  McClure's request for IFP status is denied.  McClure's appeal is frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and it is dismissed, *see Baugh*, 117 F.3d at 202

& n.24; 5TH CIR. R. 42.2.  McClure's motion for the appointment of appellate counsel is denied.

The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution McClure that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

MOTION FOR IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.