# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

CARLOS WAYNE TOOMBS,

Plaintiff-Appellant

v.

DIANNA L. MASSINGILL, Assistant District Attorney; TIM CANTRELL, Trial Counsel; RICKY DeARMON, Amarillo Police Officer; JIM MCKENNEY, Sergeant, Amarillo Police Officer; LINDA VAUGHN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-245

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carlos Wayne Toombs, Texas prisoner # 1109593, appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous. Alleging that the defendants conspired to withhold and destroy potentially exculpatory evidence and to cover up their actions, the complaint asked the district court to set aside Toombs's conviction or remand for a new trial. After the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed the complaint because the claims were not cognizable in a § 1983 action under *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), or were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or both, Toombs moved to add a claim that he was entitled to monetary damages. The district court denied the motion and noted that, even if Toombs were allowed to amend his complaint, the claims "would still be barred by *Heck*."

According to Toombs, his complaint challenges misconduct or illegal acts by the defendants and not the fact or duration of his imprisonment. He also contends that his complaint does not challenge his conviction because the defendants' illegal acts occurred prior to his conviction, and he maintains that *Heck* cannot be applied to future convictions. He further asserts that his claims do not challenge his conviction because stipulations by the defendants addressed the missing evidence and "therefore [left] it out of the conviction."[1]

Despite his protestations to the contrary, Toombs's complaint plainly asked the court to set aside his conviction or remand for a new trial on the ground that the defendants had violated his constitutional rights. Because setting aside his conviction would result in his release from prison, and a judgment granting a new trial would necessarily imply the invalidity of his conviction, the district court did not abuse its discretion in dismissing the § 1983 complaint as frivolous. *See Heck*, 512 U.S. at 486-87; *Preiser*, 411 U.S. at 499-500.

As the instant appeal is without arguable merit, it is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR.

---

[1] Although Toombs also asks us to consider his post-judgment claim for monetary damages, he did not appeal the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, so it is not properly before the court. *See Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996). Even if we liberally construe his brief to raise a claim that he should have been allowed to add a claim for damages, his suit would still be barred by *Heck*. *See Heck,* 512 U.S. at 486-87.

No. 14-10211

R. 42.2.  The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint as frivolous.  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Toombs is WARNED that if he accumulates at least three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).