**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3998

_____

RICHARD ALLEN HAMMONDS,
Appellant

v.

C.O. JOHN HEADMAN; C.O. THOMAS HARRISON;
SERGEANT DONALD BUCK, aka BUCC; SERGEANT TAIT LONG; LT.
MRARCHI; SERGEANT CHRISTOPHER WIEDOW; SERGEANT KALCE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-01666)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2016

Before: JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 1, 2016)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard A. Hammonds, a Pennsylvania inmate proceeding pro se, appeals from a judgment entered after a jury trial in the United States District Court for the Middle District of Pennsylvania. For the reasons that follow, we will affirm.

As we write primarily for the parties, who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusions. In 2011, Hammonds filed a complaint against Department of Corrections (DOC) employees under 42 U.S.C. § 1983. The District Court dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915A, and permitted Hammonds to file an amended complaint. Hammonds' first amended complaint contained numerous claims, including an allegation that DOC employees used excessive force after discovering that he had escaped from his cell in the restricted housing unit (RHU). According to Hammonds, the defendants repeatedly punched him in the face, squeezed handcuffs around his wrists, and choked him with a "spit mask." Hammonds was then taken to the RHU dayroom, where he was allegedly assaulted again. The initial altercation was recorded by security cameras, but the incident in the RHU dayroom was not recorded because, pursuant to prison policy, a camera in that area is turned on only during prisoner intakes.

The case was referred to a Magistrate Judge, who recommended dismissing all but the excessive force claim. Meanwhile, Hammonds moved for leave to file a second amended complaint to raise claims that, inter alia, the defendants retaliated against him by tampering with his food and by filing false misconduct reports because he had

2

submitted a grievance. The District Court granted Hammonds leave to file an amended complaint, but only to the extent that he raised a retaliation claim based on alleged food tampering. The case proceeded to trial and, in September 2014, the jury returned a verdict in favor of the defendants on both the excessive force claim and on the food tampering retaliation claim.

Hammonds timely appealed,[1] and he raises three issues in his Informal Brief.[2] We have jurisdiction under 28 U.S.C. § 1291, and may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Hammonds first complains about the District Court's denial of leave to include in his second amended complaint an allegation that DOC employees retaliated against him by filing false misconduct reports.[3] But even assuming that the District Court should

[1] Thereafter, Hammonds filed a motion for a new trial under Federal Rule of Civil Procedure 60(b)(2). The District Court denied that motion, and Hammonds did not appeal from that order. See Williams v. Chater, 87 F.3d 702, 705 (5th Cir. 1996) (holding that when a Rule 60(b) motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required for appellate review of the denial of the Rule 60(b) motion).

[2] We note that Hammonds presented no legal argument for several claims listed in the Informal Brief's "Statement of Issues Preserved for Review." Even liberally construing his Informal Brief, Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), we conclude that his failure to argue these issues in his opening brief constitutes a waiver of them on appeal. Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'").

[3] Although Hammonds frames his argument in terms of a challenge to an order granting a motion to dismiss, see Appellant's Br., 3, we will liberally construe his brief as arguing

have permitted Hammonds to file his second amended complaint, we conclude that any error was harmless because Hammonds' conclusory allegations fail to plead the necessary third element for the retaliation claim, *i.e.*, that his grievance was a substantial motivating factor in the filing of misconduct reports. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Hammonds claimed that three prison officials filed misconduct reports against him because he had accused three different prison officials of wrongdoing. But neither Hammonds' second amended complaint, nor his Informal Brief on appeal, alleges any temporal connection between his grievance and the misconduct reports. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (stating that requisite causal connection can be demonstrated by, inter alia, "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action"). Furthermore, Hammonds nowhere indicates that the officials who filed the misconduct reports were even aware of his grievance. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal); Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (stating that "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation"

---

that the District Court improperly denied leave to amend his complaint. Dluhos, 321 F.3d at 369. We review the denial of a motion for leave to amend a complaint for abuse of discretion. Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003).

(internal citation and quotation marks omitted)). Accordingly, because Hammonds'

conclusory allegations fail to raise the required inference of a causal link between his

grievance and the filing of misconduct reports, he failed to state a retaliation claim.

Hammonds also asserts that he was forced to proceed to trial without his exhibits.

This assertion is belied by the record. The transcript indicates that, on the first day of

trial, Hammonds used two of his exhibits, namely, pictures of a prison cell. At the

conclusion of testimony that day, counsel for the defendants noted that a box of

documents related to Hammonds' case was still in his cell, stating that Hammonds "did

not indicate that he needed [the documents] to come with him." The District Court

immediately confirmed that the material would be delivered to Hammonds by the

following morning. On the second day of trial, counsel for the defendant explained that

"staff at the Department of Corrections went to Inmate Hammonds' cell at Smithfield last

night, located his box of legal materials, and it was delivered here this morning by the

time we started the proceeding." Before the start of the final day of trial, Hammonds and

counsel for the defendants had a lengthy discussion concerning the admission of

numerous exhibits. Notably, Hammonds did not complain at trial that he lacked exhibits,

Waldorf v. Shuta, 142 F.3d 601, 629 (3d Cir. 1998) ("a party who fails to object to errors

at trial waives the right to complain about them following trial"), and he does not identify

in his brief on appeal any exhibits that he was unable to introduce, United States v.

Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to

5

identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Therefore, we conclude that this claim lacks merit.

Finally, Hammonds challenges the District Court's jury instruction, which provided that, "[i]n this case, Mr. Hammonds claims the Defendants . . . used unnecessary and excessive force against him when he escaped from his cell." According to Hammonds, the evidence did not demonstrate that he "escaped from his cell" and the instruction misled the jury into believing that its evaluation of excessive force was limited to an incident captured on prison security cameras. We review for abuse of discretion whether jury instructions are misleading or inadequate. See Woodson v. Scott Paper Co., 109 F.3d 913, 929 (3d Cir. 1997). "As on all occasions when we consider jury instructions, we consider the totality of the instructions and not a particular sentence or paragraph in isolation." De Asencio v. Tyson Foods, Inc., 500 F.3d 361, 366 (3d Cir. 2007) (citing United States v. Coyle, 63 F.3d 1239, 1245 (3d Cir. 1995)). We discern no abuse of discretion here. Hammonds asserted that the instruction "totally disregard[ed] the fact that [he] was taken to an off-camera area and beaten again." But, in overruling his objection, the District Court properly concluded that the instructions encompassed "all the period of time that you were escaped and outside of that cell." Indeed, nowhere in the instructions did the District Court suggest that the excessive force claim was based solely on the incident captured on the security cameras. In addition, the instructions properly referred to Hammonds' "escape." The evidence demonstrated that Hammonds

6

left his cell in the restricted housing unit without an escort, which is against prison policy. Even if, as Hammonds claims, his cell door was "voluntarily opened" by a prison official, his unauthorized decision to leave the cell is properly characterized as an escape. Therefore, we conclude that Hammonds' challenge to the jury instructions lacks merit.

For the foregoing reasons, we will affirm the judgment of the District Court.