# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2022

Lyle W. Cayce
Clerk

No. 21-11079
Summary Calendar

---

JACKIE GAFF, *also known as* JACKIE GOFF,

Plaintiff—Appellant,

*versus*

MSNI ADVANTAGE, L.P.; KARISSA HAPPE JONES, *also known as* KRISSIE; TYLER HAPPE; MAIN STREET ASSOCIATES, INCORPORATED; MAIN STREET ASSET SOLUTIONS, INCORPORATED; PHH MORTGAGE CORPORATION; PHH CORPORATION; OCWEN LOAN SERVICING, L.L.C.; OCWEN FINANCIAL CORPORATION; SEBRING CAPITAL PARTNERS, L.P.; U.S. BANK NATIONAL ASSOCIATION; BANK OF AMERICA, N.A.; JP MORGAN CHASE BANK, N.A.; ALLY FINANCIAL, INCORPORATED; RONALD HAPPE; U.S. BANK NATIONAL ASSOCIATION, *as Trustee*, *successor in interest to* BANK OF AMERICA NATIONAL ASSOCIATION, *as Trustee*, *successor by merger to* LASALLE BANK NATIONAL ASSOCIATION, *as Trustee for* RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC. MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2007-RP1,

Defendants—Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-644

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Jackie Gaff filed a pro se civil action against numerous defendants in Texas state court raising various claims concerning a foreclosure sale of real property located in Fort Worth, Texas. MSNI Advantage, L.P. filed a notice of removal based on diversity jurisdiction and federal question jurisdiction. The district court denied Gaff's motion to remand and ultimately granted the defendants' motions to dismiss her third amended complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

On appeal, Gaff first argues that the removal of the case to federal court was improper because diversity jurisdiction did not exist, all defendants did not consent to removal, and the district court should have abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). The district court did not err in finding that diversity jurisdiction existed as Gaff was a citizen of Louisiana and all defendants were either individuals domiciled in California or business entities that were incorporated and had their principal places of business outside of Louisiana. *See* 28 U.S.C. § 1441(b)(2); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). In addition, the district court had federal question jurisdiction because Gaff's amended state court complaint alleged claims based on federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Contrary to Gaff's argument, the defendants had not been served with her amended complaint at the time the notice of removal was filed and, therefore, consent of all defendants was not required to remove the case to federal court. *See Miranti*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). Further, the district court did not err in refusing to abstain from exercising jurisdiction under *Younger* because there was no ongoing state judicial proceeding. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).

In addition, Gaff argues that the district court should have remanded the case to state court under the *Rooker-Feldman*[1] doctrine and that MSNI Advantage did not transmit a complete and accurate record as required by 28 U.S.C. § 1446. Gaff raised these arguments in her motion to vacate, which was filed more than 28 days after entry of judgment, and she did not file an amended or new notice of appeal from the denial of this postjudgment motion. We therefore do not have jurisdiction to review the denial of Gaff's motion to vacate and the arguments raised therein. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996).

To the extent Gaff challenges the district court's jurisdiction based on her contention that the defendants lacked standing because they falsified documents and committed fraud on the court, this claim lacks merit as the plaintiff is the party who must have standing to establish jurisdiction. *See Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013).

Gaff also contends that the district court erred in denying her motion for entry of a default judgment. However, she was not entitled to a default judgment as a matter of right, even if the defendants were technically in default. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Moreover, because the defendants had not been properly served with her amended complaint at the time the notice of removal was filed and because the defendants were not unresponsive, this case does not present the type of

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

extreme situation warranting the entry of a default judgment. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, Gaff has not shown the district court abused its discretion in denying her motion for default judgment. *See Lewis*, 236 F.3d at 767.

Also on appeal, Gaff contends that the district court erred in dismissing her third amended complaint for failure to state a claim. The district court dismissed Gaff's complaint because the only well-pleaded claims, which concerned fraudulent dealings around 2007 and an illegal foreclosure in 2014, were not filed within the applicable limitations period and therefore were not plausible. Although she mentioned a nonjudicial foreclosure set for June 2, 2020 in her third amended complaint, the district court did not err in finding that her complaint did not provide notice of a claim concerning a June 2020 foreclosure. *See Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020); *see also* Fed. R. Civ. P. 8(a). Gaff does not identify any error in the district court's determination that her claims concerning fraudulent dealings in 2007 and the wrongful foreclosure in 2014 were time barred and, therefore, she has abandoned this issue on appeal by failing to brief it adequately. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court also did not err in rejecting Gaff's argument that the limitations period should be equitably tolled, as she did not show that she was "actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting [her] rights." *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). In addition, Gaff has not shown that the district court failed to consider any specific exhibits, nor has she explained how the court's alleged failure to consider specific exhibits affected its decision.

Gaff also maintains that the defendants committed fraud on the court. As to her stand-alone claims of fraud, the district court's determination that Gaff's third amended complaint failed to state a claim was based solely on the

allegations made in that complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Therefore, any documents submitted by the defendants did not have any bearing on the district court's determination that Gaff's complaint failed to state claim a upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Rogers*, 709 F.3d at 407. As to her contention that the defendants committed fraud on the court, *see* Fed. R. Civ. P. 60(b)(3), (d)(3), Gaff raised this claim in her motion to vacate. As explained above, this court's jurisdiction does not extend to a review of that ruling. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Williams*, 87 F.3d at 705. Likewise, this court does not have jurisdiction to review Gaff's claim, presented in her motion to vacate, that the district court judge was biased and should have recused himself. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Williams*, 87 F.3d at 705.

In addition, Gaff challenges the district court's failure to order the defendants to respond to her requests for admission. However, Gaff was not entitled to discovery prior to the district court's ruling on whether her claim should be dismissed pursuant to Rule 12(b)(6). *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Therefore, she has not shown that the district court's discovery ruling, or lack thereof, was arbitrary or clearly unreasonable. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

For the first time on appeal, Gaff argues that her constitutional rights were violated by the wrongful seizure of her property, the nonjudicial foreclosure without notice, and the district court's order concerning her requests for admission. This court will generally not consider a new claim raised for the first time on appeal in a civil action. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). We therefore will not consider these claims. *See id.*

No. 21-11079

For these reasons, the district court's judgment is AFFIRMED. Gaff's motions for judicial notice are DENIED.