# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50036
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2024

Lyle W. Cayce
Clerk

Anthony Bernard Loftis,

*Plaintiff—Appellant*,

*versus*

Bryan Collier,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1236

———————————————————————

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

　　Anthony Bernard Loftis, Texas prisoner # 1636215, seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his pro se 42 U.S.C. § 1983 suit challenging the policy and procedures utilized by the Texas Parole Board during his parole revocation proceedings. To proceed IFP, a litigant must demonstrate both financial eligibility and a nonfrivolous issue for

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Loftis presents a nonfrivolous argument for appeal, we GRANT his motion to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). However, for the reasons stated below, we dispense with further briefing and AFFIRM because the record and Loftis's pleadings indicate that the district court did not abuse its discretion with respect to the denial of his Federal Rule of Civil Procedure 60(b) motion. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We are "obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996). Loftis's notice of appeal was not filed within 30 days of the district court's order denying his Federal Rule of Civil Procedure 59(e) motion. *See* Fed. R. App. P. 4(a)(1)(A) and (4)(A)(iv). Thus, we lack jurisdiction to consider that judgment, as well as the district court's underlying judgment dismissing Loftis's § 1983 complaint. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Since Loftis's notice of appeal was filed within 30 days of the December 21, 2023, text order denying his Rule 60(b) motion, we have jurisdiction to review that order. *See Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996).

Assuming the district court denied Loftis's Rule 60(b) motion for the reasons stated in its judgment dismissing his § 1983 action, Loftis raises a nonfrivolous issue with respect to the propriety of the district court's determination that his claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Nevertheless, Loftis's claim is based on a contention that the Texas Parole Board failed to abide by policy and operating procedures required by the Texas Department of Criminal Justice in regard to the Special Needs Offender Program. Such a claim is not cognizable in a § 1983 proceeding. *See Butler v. Porter*, 999 F.3d 287, 297 (5th Cir. 2021); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Accordingly, Loftis fails to demonstrate that the district court abused

No. 24-50036

its discretion in denying his Rule 60(b) motion.  *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).

 IFP GRANTED; AFFIRMED.