# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50481
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

Lawrence J. Gerrans,

*Petitioner—Appellant*,

*versus*

S. Hijar, *Warden, Federal Correctional Institution La Tuna, F.B.O.P.*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CV-451

_____

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:*

Lawrence J. Gerrans, federal prisoner # 25027-111, moves for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his 28 U.S.C. § 2241 petition and the denial of his Federal Rule of Civil Procedure 60(b) motion. He has also filed two motions for judicial notice.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50481

A timely "notice of appeal in a civil case is a jurisdictional requirement" where, as here, the time limit is set by statute. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see* 28 U.S.C. § 2107(6). Gerrans's notice of appeal was not filed within 60 days of the district court's dismissal of his § 2241 petition. *See* Fed. R. App. P. 4(a)(1)(B). Because his Rule 60(b) motion was filed more than 28 days after the dismissal of his complaint, it did not extend the time for filing a notice of appeal or bring up the underlying judgment for review. *See* Fed. R. App. P. 4(a)(4)(A); *see also Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) ("[A]n appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review[.]"). We do not have jurisdiction to review the dismissal of his complaint. *See Bowles*, 551 U.S. at 214. But, since Gerrans filed his notice of appeal within 60 days of the entry of the order denying his Rule 60(b) motion, we have jurisdiction to review that order. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

Gerrans does not address the district court's denial of his Rule 60(b) motion. Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief issues to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Johnson has therefore forfeited any challenge to the denial of his Rule 60(b) motion. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, Gerrans's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2. His motions for judicial notice are also DENIED.

2