# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2025

Lyle W. Cayce
Clerk

_____

No. 25-10220

_____

Jose Escobar,

*Plaintiff—Appellant*,

*versus*

Robert Almanza, Jr., *Warden*; Wade Alexander, *Assistant Warden*; Leo J. Ramirez, *Unit Major*; Benjamin D. Rodriguez, *Safe Prisons Sergeant*; Bobbie Osborne, *Chief of Classification*; Benjamin Minyard, *Lieutenant*; Tyler Maxwell, *Lieutenant*; April Stevens, *Lieutenant*; Bryan Collier, *Executive Director, Texas Department of Criminal Justice*; Texas Department of Criminal Justice,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CV-82

_____

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

_____

\* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10220

Jose Escobar, Texas prisoner # 02013427, filed a 42 U.S.C. § 1983 complaint alleging that the defendants failed to protect him from an assault by another prisoner in violation of the Eighth Amendment. The district court dismissed Escobar's claims based on immunity, and it denied a postjudgment motion filed by Escobar seeking reconsideration. By moving this court for leave to proceed in forma pauperis (IFP) on appeal, Escobar challenges the district court's certification that an appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, we are "obligated to examine the basis for our jurisdiction, sua sponte, if necessary." *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996). A timely notice of appeal in a civil case is a jurisdictional prerequisite when, as here, the time limit is set by statute. *See* 28 U.S.C. § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court dismissed Escobar's civil action on June 13, 2024. Escobar then filed for reconsideration on December 15, 2024. Because Escobar's motion for reconsideration of the dismissal of his civil action was filed outside the 28-day period allowed for filing a Federal Rule of Civil Procedure 59(e) motion, it did not toll the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). Escobar's notice of appeal, filed on January 13, 2025, was therefore untimely as to the judgment dismissing his civil action, and we lack jurisdiction over Escobar's appeal of that judgment. *See Bowles*, 551 U.S. at 214. Accordingly, the appeal is DISMISSED IN PART for lack of jurisdiction.

Escobar has timely appealed from the December 30, 2024 denial of his motion for reconsideration, which we treat as a Federal Rule of Civil Procedure 60(b) motion. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 60(b), (c). Although Escobar contends that he cannot afford to pay the filing fee due to his indigent status, he makes no attempt to demonstrate that

2

No. 25-10220

he will raise a nonfrivolous issue on appeal with respect to his Rule 60(b) motion. Thus, any claims are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Escobar fails to show that his appeal will involve a nonfrivolous issue, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED IN PART as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Escobar's motion for the appointment of counsel is also DENIED.